McCALEB, Justice.
 

 The plaintiff, Julian Cadro, brought this suit against Plaquemines Gazette, Inc., and its editor, L. J. Fontenelle, to recover $5,000 damages for the publication of an alleged libel which appeared in a newspaper named “The Plaquemines Gazette” on September 27, 1941.
 

 In his petition, plaintiff alleges in substance as follows: That he is sixty-one years of age and has always borne a good reputation in the community in which he lives; that he is a member of the Buras Levee Board District and that it is his duty to assist the other members of the Board in maintaining and operating the levees under the jurisdiction of the Board, which levees protect the Parish of Plaquemines. That, on September 27, 1941, the Plaquemines Gazette, a newspaper published by the defendant, Plaquemines Gazette, Inc., a Louisiana corporation, of which the defendant, L. J. Fontenelle, is editor, published and circulated generally throughout the Parish of Plaquemines .and throughout Louisiana the following libelous and scandalous matter:
 

 “Volunteers Save Levees in Storm When Levee Boards Fail to Act.
 

 “Residents of the Fifth Ward between Fort Jackson and Venice had a narrow escape from being flooded in their homes last Monday, as the parish felt the effects of the hurricane roaring through the Gulf. Only •the heroic work by public spirited citizens in that vicinity averted the disaster.
 

 “The storm, which earlier in the month produced high tides and winds in this section, caused a section of the Mississippi River levee in front of the Lynn Tompkins property to begin caving. No repairs were made by the newly appointed Buras Levee Board, and when the storm effects were at their height last Monday morning, it was discovered that the levee had caved badly and was about to give away.
 

 “No members or inspectors of the Buras Levee Board made any attempt to repair the threatening break, and investigation disclosed that Capt. Cadro, member of the Buras Levee Board, who lives on the front levee in the Fifth Ward at Boothville, had left early Monday morning with his family to go to New Orleans.
 

 “The residents, realizing that something must be done at once to save their homes, organized a volunteer group to make repairs. In charge of this Group were Eugene de Armas, Johnny Friedman, Frank Adolph, and Joe Capiello. Together they gathered about 35 or 40 white men and negroes and set to work. The broken revetment was repaired and 'sand bags were placed behind it to strengthen it and hold off the heavy seas kicked up by the high winds in the river.
 

 
 *6
 
 “All day they toiled at this work until dark when the caving was halted and the serious break averted. To these men who stood by them in their hour of peril, the residents of this section owe their sincere thanks. But for their efforts, their homes would have been flooded and much property damage done.”
 

 Plaintiff avers that said publication is false, libelous and scandalous and that it subjected him to public contempt, hate and ridicule; that it was made by the publishing corporation and its editor with full knowledge that it was false and that it was published by them for the purpose of embarrassing, humiliating and bringing into ill-repute his good name and reputation; that said publication has caused him to be ridiculed and to be looked upon by the public as a person of low character, as a coward and a poltroon who would desert the people residing in his Levee District, as a person recalcitrant in his duty as a member of the Buras Levee Board and that, as a result, he has been subjected to scorn, contempt and embarrassment.
 

 To this petition, the defendants appeared and interposed an exception of no right or cause of action. After a hearing on this' exception, the District Judge, being of the opinion that there was nothing in the newspaper article complained of which subjected the plaintiff to public contempt and ridicule as charged in his petition, sustained it and dismissed the plaintiff’s suit. Plaintiff has appealed from the adverse decision.
 

 A mere reading of the newspaper article, the statements of which concerning the plaintiff are charged to be false, has been sufficient to convince us that the trial judge was in error in maintaining the defendants’ exception. The article recites that there had been a severe storm in the vicinity of the Fifth Ward of the Parish of Plaque-mines ; that it was the duty of the members of the Buras Levee Board to take necessary steps for the protection of persons and property within that vicinity and that, notwithstanding this, the members of said Board were derelict in their duty, failed to act in the emergency, and that, if it had not been for the help of a number of citizens who volunteered their services in repairing a broken revetment, the lives and property of the community would have been seriously endangered. It is further stated that the plaintiff, Captain Cadro, who is a member of the Buras Levee Board, not only failed to do the things required of him by virtue of his office, but that he and his family left the scene of danger and went to New Orleans.
 

 It is clear to us that the article complained of by plaintiff defames his character for it declares, in no uncertain language, that he was derelict in his duty by deserting his post in an hour of peril. Charges that a public officer neglected to perform duties incumbent upon him are actionable and, if they are false, malice will be presumed. See 33 Am.Jur. § 81, pp. 94 and 95, and Fitzpatrick v. Publishing Co., 48 La.Ann. 1116, 1135, 20 So. 173.
 

 While it is firmly established that the conduct of persons in public life is open to fair criticism and comment, this privilege does not extend to charges of misconduct or neglect of duty which are alleged to be
 
 *8
 
 false. In 110 A.L.R. 412, the majority rule 'respecting false criticism of the acts of public officers is stated thus:
 

 “In the majority of jurisdictions the rule that fair comment on and criticism of the acts and conduct of a public officer or ■candidate for public office are, in the absence of malice, privileged, does not apply to a false statement of fact. In these jurisdictions, a defamatory statement of fact concerning one in public life, or who is a candidate for office, if false, is as actionable as would be such a statement concerning one in private life.”
 

 Louisiana is one of the States which adhere to the majority rule. See Levert v. Daily States Pub. Co., 123 La. 594, 49 So. 206, 23 L.R.A.,N.S., 726, 131 Am.St.Rep. 356; Smith v. Lyons, 142 La. 975, 77 So. 896, L.R.A.1918E 1; Otero v. Ewing, 162 La. 453, 110 So. 648, 56 A.L.R. 249; Id., 165 La. 398, 115 So. 633.
 

 For the reasons assigned, the judgment appealed from is reversed, the exception of no right or cause of action is overruled and the case is remanded to the Twenty-Fifth Judicial District Court for the Parish of Plaquemines for further proceedings in accordance with law and not inconsistent with the views herein expressed. The costs of this appeal are to be paid by the defendantsappellees, other costs to await the final determination of the cause.
 

 O’NIELL, C. J., is of the opinion that a petition in which it is charged that a newsT paper article containing a series of statements of fact is libelous does not set forth a cause of action if it is alleged merely in general terms — and not with reference to any particular allegation — that the newspaper article is false, because’it might be false in some minor detail without affecting the purport of the article.
 

 ROGERS, J., absent.